IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
     v.                     )       2:21cr48-MHT
                            )          (WO)
VANCE KEVANTE ROBINSON      )
```

OPINION

Defendant Vance Kevante Robinson pled guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1). In calculating his Guidelines range, the United States Probation Officer identified a base offense level of 20, which, under United States Sentencing Guidelines § 2K2.1(a)(4)(a), applies if a defendant's prior felony conviction is for a controlled substance offense. Robinson did not object to the Probation Officer's calculations, but he sought a downward variance from the resultant custody range. The court granted a variance for the reasons set forth at the sentencing hearing and detailed below.

***

Robinson pled guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1). In recommending an appropriate sentence, the United States Probation Officer correctly applied U.S.S.G. § 2K2.1(a)(4)(a), which establishes a base offense level of 20 (rather than 14) when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." It was undisputed that Robinson had a prior drug conviction--for possession of marijuana for other than personal use--that qualified as a "controlled substance offense." *See, e.g.*, *United States v. Craig*, 520 F. App'x 906, 908 (11th Cir. 2013) (unpublished); *see also* Def. Sentencing Memorandum (Doc. 45) (acknowledging that Robinson's prior conviction is "considered a controlled substance offense"). Without a variance, therefore, Robinson's base offense level started at 20; subsequent calculations yielded a recommended custody range of 37 to 46 months.

A sentencing court has considerable discretion in

determining an appropriate sentence, but the sentence must be reasonable. *See, e.g.*, *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010). In determining a defendant's sentence, courts must consider the recommended sentence under the Sentencing Guidelines and any relevant policy statements. *See* 18 U.S.C. § 3553(a); *see also United States v. Booker*, 543 U.S. 220, 259-60 (2005). But the Guidelines are only "one factor among several courts must consider in determining an appropriate sentence." *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). Specifically, courts must also consider the factors listed in 18 U.S.C. § 3553(a).[1]

---

1. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need to afford adequate deterrence and protect the public from further crimes of the defendant; the need to provide, in the most effective manner, needed educational or vocational training, medical care, or other correctional treatment to the defendant; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the kinds of sentences available. *See* 18 U.S.C. § 3553(a).

While Guidelines sentences generally should approximate the § 3553(a) factors, a trial court may, in the course of an individual sentencing, determine that "the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply" or that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations." *Rita v. United States*, 551 U.S. 338, 351 (2007).

The court finds as much today; Guideline 2K2.1(a)(4)(a) unfairly sweeps in a wide range of dissimilar conduct. *See United States v. Conway*, 2019 WL 7161326, at *3 (M.D. Ala. 2019) (Thompson, J.) (explaining that, when a Guideline "unfairly groups" unlike behavior, the court may use a variance to "calibrate" the relevant enhancement based upon the actions of a particular defendant). For instance, a defendant's base offense level might increase from 14 to 20 if his or her previous conviction entails, among other things, robbery, arson, "forcible sex offenses," or

4

murder. U.S.S.G. § 4B1.2, Note 1.[2] Or, as in Robinson's case, possession of less than one ounce of marijuana. The Guidelines yield an identical base offense level for defendants whose underlying actions differ dramatically. Guideline 2K2.1(a)(4)(a) "thus is inconsistent with § 3553(a), prizing uniformity over individualized consideration of the circumstances of the offense and the defendant's history, characteristics, and behavior." *Conway*, 2019 WL at *3.

In such a circumstance, "an outside the guideline sentence may not be optional; it may well be essential to prevent both unwarranted disparity *and unwarranted uniformity*." *United States v. Whigham*, 754 F. Supp. 2d 239, 252 (D. Mass. 2010) (Gertner, J.) (emphasis added); *see also Pepper v. United States*, 562 U.S. 476, 510 (2011)

---

2.  The application notes to U.S.S.G. § 2K2.1 dictate that "crime of violence" "has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1, Note 1; *see also, e.g.*, *United States v. Matchett*, 802 F.3d 1185, 1193 (11th Cir. 2015) (describing these cross-references).

5

(Breyer, J., concurring in part and concurring in the judgment) ("Fairness requires sentencing uniformity as well as efforts to recognize relevant sentencing differences."). To avoid such unwarranted uniformity, the court used a variance to adjust Robinson's base offense level downwards by four points, effectively resulting in a two-point increase over the 14-point baseline otherwise provided for by U.S.S.G. § 2K2.1(a)(6). That change, combined with the United States Probation Officer's further calculations, yielded a Guidelines range of 24 to 30 months in custody. The court sentenced Robinson at the bottom of this range.

DONE, this the 3rd day of August, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE